McCauley, J.
The action in the common pleas ivas brought upon an undertaking given under section 112, S. & C. Statutes, 789, for an appeal from a judgment of a justice of the peace.
The appeal was by the defendant, and after giving the undertaking for appeal he failed to file a transcript of the judgment and proceedings before the justice. And the plaintiff also failed to file such transcript.
The statute S. & C., 789, sec. 112, prescribes the condi tions of an undertaking for appeal. There are two condi *115 tions — the first, that the appellant will prosecute his appeal to effect, and without unnecessary delay; the second, that if judgment be adjudged against the appellant on appeal, he will satisfy such judgments and costs. The undertaking on which this suit is brought contains these provisions.
It is claimed that the sureties in the undertaking for appeal are liable for the judgment rendered by the justice under the first condition of the undertaking for appeal.
Section 116 of the Justices Act (S. & S.,« 419,) provides that if the appellant shall fail to deliver a transcript and other papers, to the clerk of the court of common pleas and have his appeal docketed on or before the thirtieth day from the rendition of the judgment appealed from, the appellee at the term of court next after the expiration of said thirty1- days, may file a transcript of the judgment and proceedings before the justice and the cause shall on the motion of the appellee be docketed; and thereupon the court shall either render judgment for the appellee similar to the judgment appealed from, or shall with the consent of the appellee dismiss the appeal.
This section thus provides two waj^s of disposing of the case after the appellant has failed to file the transcript and perfect his appeal. The two conditions of the undertaking for appeal prescribed by section 112, seem to be designed to preserve the liability on the appeal bond, whichever of the two courses provided in this section shall be pursued. If the appeal be dismissed, the surety in the undertaking would be liable under the first condition. In that case the surety would not be liable upon the second condition, for in that condition he undertakes to pay such judgment as may be rendered on appeal. If the case were disposed of on filing the transcript by the appellee, by judgment for the appellee similar to the judgment appealed from, the surety would not be liable upon the first condition, for the reason that in that condition he undertakes that the appellant will prosecute his appeal to effect and without unnecessary delay.
If there were any doubt that the two prescribed condi *116 tions of an undertaking for appeal apply only to the position of the case as- it may have been disposed of under section 116, section 120 of the same act would seem to be conclusive of that view. That section provides that when an appeal shall be dismissed, or when judgment shall be entered in the court of common pleas against the appellant, the surety in the undertaking for appeal shall be liable to the appellee for the whole amount of debt, costs and damages recovered against the appellant. This section prescribes the cases in which the surety shall be liable.
Neither part}1- having filed a. transcript in the court of common pleas in this case, its situation is determined by reference to section 118, S. & C., 790, which provides that if both parties fail to enter such appeal, within the time limited, the justice, upon receiving a certificate of the clerk of the court of common pleas, stating that such appeal was not entered, shall issue‘execution upon the judgment as if nof such appeal had been taken.
The appellee having failed to file a transcript in the case, is not in position to enforce the undertaking for appeal. In Job v. Harlan, 13 Ohio St., 485, it is suggested in the opinion of the court, that the surety in the undertakingfor appeal might be liable under the first condition prescribed by the statute, when the appellee failed to file a transcript, for the reasons that the appellee at the time for filing the transcript might be “ prostrated by disease ” or “ might be absent,” or “ might rely upon the good faith of the appellant in taking the appeal,” and therefore fail to file a transcript.
The statute provides for the appellee a full and complete indemnity for his judgment against the appellant in every position in which the case may be placed by the appellant, upon compliance with the provisions above referred to.
And to say that this indemnity may be lost in any of the contingencies suggested in Job v. Harlan, is to say that it may be lost by neglect.
Counsel for plaintiff in error refer to Rockwell v. Rogers et al., 15 Ohio St., 544, and upon authority of that case *117 submit that the defendants below are liable upon the undertaking for appeal as a common law obligation. In that case the undertaking was for the stay of execution, and wdiile it was in the form of a statutory undertaking for stay of execution, it was supported by a distinct consideration. The undertaking was not given within the time required by statute, and it was given in consideration that the plaintiff in the execution would release a levy on property and delay the enforcement of his judgment for the time the judgment was entitled to a stay of execution”. In this case, no consideration appears. The undertaking was only for appeal. It was given within the time required, but both parties after it had been given neglected to take further action in the case, until this suit was brought. The appeal never had any existence, and the parties to the judgment were left to enforce it as .if no appeal had ever been attempted.

Judgment of district court affirmed.